TOM WILSON v. STATE.

No. A-2809.   Opinion Filed October 20, 1917.

Rehearing Denied September 24, 1918.

1.   INTOXICATING LIQUORS—Sale to Minor—Information. An information charging the sale of intoxicating liquor to a minor in the following language: "He, the said Tom Wilson, did then and there, unlawfully and feloniously, sell to one Maycil Harlan, a minor, one pint of whisky at and for the sum and price of one dollar and fifty cents, contrary to the form of the statutes in such cases made and provided, and against the peace and dignity of the state"—held, sufficient to give the court jurisdiction to try the cause and render judgment against the accused.

2    TRIAL—Absence of Judge From Courtroom—Suspension of Proceedings. Objections to the validity of a judgment on the ground that the trial court left the courtroom during the course of the

trial without suspending the proceedings, cannot avail when the record affirmatively shows that the proceedings were suspended.

3. **APPEAL AND ERROR**—Technical Objections—Instructions. Technical objections to the form of a particular instruction can not form the basis for the reversal of a judgment when all the instructions, taken together, clearly show that no hardship was worked upon the accused and no prejudicial error contained in the charge, considered as a whole.

*Appeal from District Court, Carter County; W. F. Freeman, Judge.*

Tom Wilson was convicted of unlawfully selling intoxicating liquor to a minor, and he appeals. Affirmed.

*Wm. Pfeiffer,* for plaintiff in error.

*R. McMillan,* Asst. Atty. Gen., for the State.

ARMSTRONG, J. Tom Wilson was convicted in the district court of Carter county at the August, 1915, term, on a charge of unlawfully selling intoxicating liquor to a minor, and his punishment fixed at imprisonment in the state penitentiary for one year and a fine of $100.

The first assignment of error urged as ground for reversal of the judgment of the trial court is based upon the proposition that the demurrer to the information should have been sustained.

The information, omitting the formal parts, is as follows:

"Tom Wilson did, in Carter county, and in the State of Oklahoma, on or about the 18th day of August, in the year of our Lord, one thousand nine hundred and fifteen, and before the presentment hereof, commit the crime of selling liquor to a minor, in the manner and form as follows, to wit:

"He, the said Tom Wilson, did then and there, unlawfully and feloniously, sell to one Maycil Harlan, a minor, one pint of whisky at and for the sum and price

of one dollar and fifty cents, contrary to the form of the statutes, in such ·cases made and provided, and against the peace and dignity of the state."

The demurrer is based upon the ground that the information fails to state facts sufficient to charge a public offense.

In the brief it is argued that the demurrer should have been sustained for the reason that .the information fails to state that Maycil Harlan is ·a male minor under the age of 21 years, or a female minor under the age of 18 years, and that for this defect the information is insufficient to give the court jurisdiction.

Counsel presented this proposition extensively in oral argument as well as in the brief, but failed to cite a single authority to support the proposition, and we do not feel that the court is required to search the State Library in an effort to find some authority which might support it. If there is such authority, it is the duty of counsel to find and present it. The well known diligence of the attorney arguing and briefing the case is such that we are constrained to the view that he failed after much effort to find any support in the opinions of other courts.

Ordinarily an information charging an offense of this kind should set forth that the party to whom the sale of liquor was made was a minor under the age of 21 years, if a male, and under the age of 18 years, if a female. However, the general statement that a sale was made to Maycil Harlan, a minor, is sufficient to give the court jurisdiction to try the case. If, at the trial, the facts developed in the case should show conclusively that the person to whom the sale was made was a male person over the age of 21 years, or a female person over the age of 18 years, the

case would naturally fall, and the district court would lose jurisdiction to proceed further. In this case, the proof clearly established the fact that Maycil Harlan was a male minor under the age of 21 years, and nobody denies that fact. Two eye-witnesses testified to the sale, and the plaintiff in error did not even deny making the sale. In fact, there was no defense offered. In our judgment, the information is sufficient.

The next proposition urged is based upon the contention that the court lost jurisdiction of the proceedings by leaving the courtroom during the examination of the veniremen on the *voir dire*. Counsel sought to raise this question by filing the affidavits of himself and three or four bystanders, all of whom testified that they did not hear the court make any order suspending the proceedings while he retired to the adjoining room to verify some legal document. The court and the clerk of the court state that there was an order made suspending the proceedings during the court's retirement. Upon this proposition the record to the effect that the court was suspended is controlling. Even if the record failed to show that the proceedings were suspended temporarily by proper order of the judge, the recital in the case-made by the judge to the effect that he did make such an order, supported by the statement of the clerk that such order was given to him, would be sufficient. No person, on behalf of the plaintiff in error, stated positively that the order was not made, but all stated that they did not hear it. The court says he did make the order, and the clerk says it was made, as does the court bailiff. Upon this state of facts, the assignment of error fails. This court would not undertake to reverse a judgment based upon the mere statement of bystanders that they did not hear an order

made, when the officials of the court all say that it was made.

All orders suspending proceedings temporarily, however, should be noted in the minutes of the clerk and the proceedings stopped by the court before retiring from the bench, so that no question of this kind could arise.

The only other assignment of error is based upon a complaint against the instructions of the court.

The first instruction complained of is as follows:

"You are instructed that under the laws of this state all persons who take part, participate, or engage in an offense are guilty as principals."

The other instruction complained of is as follows:

"If you believe from all the evidence admitted by the court for your consideration, and all the facts and circumstances before you, that the defendant, Tom Wilson, sold the whisky to the witness, Maycil Harlan, and you further so find that the said Maycil Harlan was at the time of said sale, if you should find that there was such a sale, was a minor, as is alleged in the information, or if you so believe beyond a reasonable doubt that the defendant, Tom Wilson, took any part or participated in such unlawful sale, then and in that event you should find the defendant guilty as charged and assess his punishment as the law directs. * * *"

It is argued that these instructions fail to include a definition of the word "minor," and that the particular paragraph does not contain a "reasonable doubt" clause. This objection is covered in the general charge of the court, and a consideration of the entire record clearly discloses that the element of reasonable doubt is sufficiently included in the instructions to the jury to protect the rights of the defendant.

In a separate instruction the court informed the jury that the term "minor," as used in the instructions theretofore given, means a male person under the age of 21 years. Under the facts disclosed, this instruction amply covered the proposition.

Finding no error prejudicial to the substantial rights of the plaintiff in error, the judgment is affirmed.

DOYLE, P. J., and MATSON, J., concur.